IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

XEROX CORPORATION      )
             )
800 Long Ridge Road      )
Stamford, Connecticut  06904   )
             )
     Plaintiff,    )   CASE NUMBER: 1:05-CV-1262-JDT-WTL
             )
             )
  v.           )
             )
             )
BACOMPT SYSTEMS, INC.    )
             )
12742 Hamilton Crossing Boulevard  )
Carmel, IN 46032       )
     Defendant.   )
             )
_____)

## ORDER AND JUDGMENT

Pursuant to the stipulation of the parties, it is hereby ORDERED, ADJUDGED, AND

DECREED AS FOLLOWS:

1. Xerox is the assignee and owner of United States Patent No. 5,023,817 issued March 6,

  1989 (the '817 patent) and United States Patent No. 5,210,571 issued May 11, 1993 (the

  '571 patent).  These patents are valid and infringed by the unlicensed use of diagnostic

  software for the Xerox 4135 Family Equipment and the Xerox 4890 Equipment.

2. Xerox's various versions of the diagnostic software for the Xerox 4135 Family

  Equipment and the Xerox 4890 Equipment are original works of authorship.

3. Xerox is the owner of the following copyrights in the diagnostic software for Xerox 4135

  Family Equipment and the Xerox 4890 Equipment:

  • TXu593-261, Xerox Level L Diagnostic Software.

- TX3-871-213, Xerox 4135 Laser Printer Operating System and Diagnostic Software Release Level J, Version 18.88.

- TX3-871-212, Xerox 4135 Laser Printer Operating System and Diagnostic Software Release Level K, Version 19.91.

- TX3-673-196, Xerox 4135 Laser Printing System Software Version 3.6, Release 15.6.

- TX3-137-480, Xerox 4050/4090/4650 laser printing system software V3.5

- TX3-731-043, Xerox 4890 highlight color laser printing system software V 4.0

- TX3-882-322, Xerox 4850/4890 highlight color laser printing system software V 5.0

These copyrights are valid and infringed by the unlicensed use of diagnostic software for

Xerox 4135 Family Equipment and Xerox 4890 Equipment.

4. Bacompt and its officers, agents, servants, employees, and any other person in active concert

or participation with them, who receive actual notice of this order by personal service or

otherwise, are hereby immediately and permanently restrained and enjoined from:

    a.    reproducing Xerox's diagnostic software for Xerox 4135 Family Equipment and Xerox 4890 Equipment by copying such software to the hard disk of such copiers or printers in the absence of an express written license from Xerox to do so; and

    b.    reproducing disks or tapes containing Xerox's diagnostic software for Xerox 4135 Family Equipment and Xerox 4890 Equipment in the absence of an express written license from Xerox to do so; and

    c.    using (reproducing to RAM) diagnostic software for Xerox 4135 Family Equipment and Xerox 4890 Equipment that is resident on the hard disks of such Bacompt Equipment (as defined in the Settlement Agreement) without an express written license from Xerox to do so.

5. The parties' Settlement Agreement dated December 29, 2005, and each and every provision

thereof, shall be deemed incorporated herein as if explicitly set forth and shall have the full

force and effect of an Order of this Court.

6. This Court shall retain jurisdiction over this action for the purpose of enforcing the

Settlement Agreement and resolving any disputes relating thereto.

IT IS SO ORDERED.

01/11/2006

Stipulated and Agreed To:

John Daniel Tinder, Judge
United States District Court

Kathleen DeLaney (#18604-49)
Cindy A. Bedrick (#21547-49)
DELANEY & DELANEY LLC
3640 N. Washington Blvd.
Indianapolis, IN 46205
*Counsel for Xerox Corporation*

Christopher Winters
NEWBERG & WINTERS LLP
8300 Boone Boulevard, Suite 500
Vienna, VA 22182
*Counsel for Xerox Corporation*

Deborah J. Caruso
Gregg S. Gordon
DALE & EKE
9100 Keystone Crossing, Suite 400
Indianapolis, IN 46240
*Counsel for Bacompt Systems, Inc.*

3